(90 Hun, 497.)

## In re KNAPP.

(Supreme Court, General Term, Third Department. December 3, 1895.)

HIGHWAYS—ESTABLISHMENT BY STATUTORY PROCEEDINGS.

Under Laws 1890, c. 568, providing (section 82) that any person assessable for highway labor may make written application to the highway commissioners of the town in which he resides to lay out a new highway, and (section 92) that when application is made to lay out a highway located in two or more towns, all notices required to be served on the highway commissioners shall be served on the commissioners of each town, a person assessable for highway labor in one town may initiate proceedings to lay out a highway located partly in that town and partly in another.

Certiorari by Amos Knapp, as highway commissioner of the town of Mayfield, to review an order of the county court of Fulton county confirming the report of commissioners appointed by said court in proceedings to lay out a highway. Quashed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

R. P. Anibal, for petitioner.
Clarence W. Smith, for respondents.

HERRICK, J. This is a proceeding to review, by certiorari, an order made by the county court of Fulton county confirming the report of the commissioners appointed by said court, who proceeded to lay out a highway partly in the town of Perth and partly in the town of Mayfield, in Fulton county. On the 23d day of June, 1892, one Vosburgh presented a petition to the county court of Fulton county, in which he alleged that he was a person liable for highway labor in the town of Perth, in the county of Fulton, and that, on the 25th day of May preceding, he presented an application in writing to the commissioners of highways of the town of Perth and of the town of Mayfield, a copy of which application is attached to the petition, and further alleged that the relief prayed for in such application to the commissioners of highways had not been granted, that such application was made in good faith, and asked the court to appoint three commissioners to determine upon the necessity of such proposed highway, and assess the damages by reason of laying out such highway. The copy application attached to such petition sets forth that the petitioner is an inhabitant of, and liable to be assessed for highway labor in, the town of Perth, in the county of Fulton, and makes application for the laying out of a highway in said towns of Perth and Mayfield. Such application described the place of such proposed highway, the direction in which it should run, through whose property it would go until it intersected another highway, and described the point of intersection with such highway. The application is addressed to the commissioners of highways of the towns of Perth and Mayfield, in the county of Fulton. The court thereupon made an order appointing three persons, all of the town of Johnstown, Fulton county, as commissioners "to examine the said proposed route and highway, hear any reasons that may be offered for or against the laying out of said

highway, and assess all damages by reason thereof." The commissioners so appointed proceeded under such order to lay out the highway and assess damages, and their report was confirmed by the county court. The highway commissioner of the town of Mayfield objected to the proceedings upon the ground that the proceedings are not authorized by statute, and that no notice of the application for the appointment of commissioners was given to the commissioners of highways; that the petitioner for the laying out of such highway is not a resident or taxpayer in the town of Mayfield, or liable for highway labor in said town, and therefore had no authority to institute proceedings to lay out a highway in the town of Mayfield. The proceedings of the commissioners themselves in laying out the highway, and their assessment of damages, do not appear to be questioned.

The principal question argued before us was as to whether a person liable to be assessed for highway labor in one town could initiate proceedings to lay out a highway which was partly in two or more towns. The proceedings in question were taken under chapter 568 of the Laws of 1890. Section 82 of said act provides that any person or corporation assessable for highway labor may make a written application, to the commissioners of highways of the town in which he or it shall reside or be assessable, to lay out a new highway. Section 83 provides that, whenever the land is not dedicated to the town for highway purposes, the applicant shall, within 30 days after presenting the application to the commissioners of highways, by verified petition, showing the applicant's right to so present the same, apply to the county court of the county where such highway shall be for the appointment of three commissioners to determine upon the necessity of such highway proposed to be laid out, and to assess the damages by reason of the laying out of such highway. Section 84 provides that, upon the presentation of such petition, the county court shall appoint three disinterested freeholders, who shall be residents of the town wherein the highway is located, to determine the questions mentioned in section 83. Section 96 provides that, when application is made to lay out a highway located in two or more towns, all notices of proceedings required to be served upon the commissioners of highways shall be served upon the commissioners of highways of each town. It will be observed that section 96 provides for just such a case as this. This seems to have been overlooked by the relator in these proceedings. The petitioner having complied with all the requirements of the statute, the county court was authorized to appoint the commissioners.

The writ of certiorari should therefore be quashed, and the order of the county court confirmed, with $50 costs and disbursements. All concur.